IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIKA SLAGOWSKI, a minor, by and through her Guardian ad Litem WILLIAM TERREL, | CASE NO. 11-cv-160 AWI GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE FOR ANIKA SLAGOWSKI |
| vs. | |
| DELAWARE NORTH PARKS AND RESORTS; DNC PARKS AND RESORTS AT YOSEMITE, INC., and MELVIN FRIDAY, and DOES 1 through 25, Inclusive, | (Doc. 75) |
| Defendants. / | |

**INTRODUCTION**

Plaintiff, Anika Slagowski, is a minor in this action ("minor").[1]  Pending before the Court is a Petition for Minor's Compromise ("Petition") filed on October 19, 2012, by William Terrell,

---

[1] The minor is eleven years old.  Her date of birth is November 15, 2000.  (Doc. 1, pg. 1).

1

("Petitioner"), the minor's guardian ad litem.[4]  The Court has reviewed the Petition and for the reasons discussed below, this Court RECOMMENDS that the petition be GRANTED IN PART.

## BACKGROUND

The case arises from a passenger bus-bicyclist collision that occurred in Yosemite National Park ("Yosemite" or "the park").  On June 7, 2010, nine-year old Anika Slagowski suffered a severe injury to her right foot when a bus operated by DNC Parks and Resorts at Yosemite, Inc., ran over her foot which resulted in the amputation of her big right toe.

More specifically, the Slagowski family began a bike ride from their campground to Mirror Lake while on a family vacation in the park. The route required the family to travel across Clark's Bridge where the accident occurred.  While riding on the sidewalk to cross the bridge, Anika's brother's bike bumped into Anika's bike causing Anika's bike to slide off of the sidewalk curb into the gutter.  Anika planted her right foot down in the gutter area to keep from falling over.  Although the bus attempted to stop, the right front tire of the bus locked up and skidded across the right front portion of Anika's foot causing severe injuries.

As a result of this incident, Plaintiff filed a complaint on January 28, 2011, against Defendants Delaware North Parks and Resorts, DNC Parks & Resorts at Yosemite Inc., and Melvin Friday, alleging negligence as a cause of action. On or about September 27, 2012, the parties settled the action. (Doc. 70).  The gross settlement amount is $590,000.00. (Doc. 75, at Ex. A).

## THE PETITION

The Petitioner requests that $147,500.00 (25%) of the minor's net settlement proceeds be paid for attorneys fees[5] and that $160,967.28 be deducted from the gross settlement amount for costs of the litigation.[6]  Petitioner further requests that $61,877.85 be allocated to pay a medical lien to

---

[4]  Ms. Candace Slagowski, the minor's biological mother was the guardian ad litem at beginning of these proceedings.  On September 25, 2012, Ms. Slagowski terminated her role as guardian ad litem and William Terrell was appointed as the minor's new guardian ad litem. (Doc. 66).

[5]  The minor's mother, Candace Slagowski, signed a fee agreement that provides for a 25% - 40% contingency fee. Because the matter settled before trial, Plaintiff's counsel seeks the lesser amount of 25%. (Doc. 75, pg. 4 and Ex. E).

[6]  This amount includes an additional $5,000 that the attorney has requested be held in reserve to pay outstanding unpaid costs.

2

Stategic Recovery Partnership Inc., that was incurred to cover the costs of Plaintiff's medical bills.[7]

After attorneys' fees, litigation costs and the medical lien amount are deducted, the minor will receive a net settlement amount of $219,654.87. Petitioner, William Terrell, requests that an account be created under the California Uniform Transfers to Minors Act for the benefit of the minor. Mr. Terrell indicates that monies in the account will be used to purchase high-grade zero coupon bonds through Morgan Stanley Smith and Barney located in San Francisco, California.

## DISCUSSION

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> (2) The application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court wether the injury is temporary or permanent.
>
> . . .
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

Fed.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in

---

[7] This amount of this lien was initially $270,168.28 but was reduced to $61,877.85 based on Plaintiff's attorneys' negotiations. (Doc. 75, at Ex. H).

accordance with applicable state law." California law requires *court approval* of the fairness and terms of the settlement." 2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2012) Settlement on Behalf of Minors or Incompetents, 12:572, p. 12(II)-13. A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code, § 3601. It is customary to require a showing of good cause when requesting an attorney fee award in excess of 25% of the total recovery :

> Courts vary in their fee approval policies. All will consider the time expended and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]
>
> Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial,* 12:576 and 12:577, p. 12(II)-17. Thus, if the attorney is seeking more than 25% of the recovery, counsel must demonstrate why this fee is warranted.

The minor and the Petitioner are represented in this action by Miles Cooper, and the law firm of Rouda, Feder, Tietjen, and McGuinn. Timothy Tietjen was the primary attorney on the case until Mr. Cooper recently took over. As part of the representation in this case, the firm performed many services including: 1) interviewing family members, 2) drafting pleadings, 3) deposing the defendants, physicians, and witnesses, 4) retaining several experts regarding medical issues and bus operations and safety, 5) participating in mediation, 6) negotiating the medical lien, and 7) preparing the case for trial.[8]

Based upon a review of the submissions by counsel and by the minor's guardian ad litem, this Court finds the Petition includes the information required by this Court's Local Rule 202(b)(2) and (c) and addresses the details of the proposed compromise. Further, the proposed settlement for Anika Slagowski, as set forth in the petition is fair, reasonable and proper. In this case, the

---

[8] The trial preparation in this case was extensive since the case settled only days before the trial was scheduled to begin and included holding a focus group/mock trial.

attorneys' fees requested in the amount of $147,500.00 are 25% of the net settlement amount. This is reasonable given the signed contingency agreement, the complexity of this litigation, as well as the amount of work performed by Plaintiff's counsel. Moreover, payment in the amount of $61,877.85 for the medical lien is fair. Finally, generally, the $160,967.28 in litigation costs is appropriate given the complexity of the case. However, the Court makes two modifications to this portion of the request.    First, a review of the ledger of litigation costs indicates that there were three payments made to this Court on February 16, 2011 for filing fees. (Doc. 75, Ex. G, Entry number 19894). However, these entries appear to be duplicative as a review of the docket indicates that only one payment of $350.00 was made. Therefore, the requested amount for costs will be reduced by $700.00. Second, the Court notes that the $160,967.28 includes $5,000.00 that is to be held in reserve to pay outstanding unpaid costs. The Court will permit withholding the 5,000.00, however, within **sixty (60)** days, Plaintiff's counsel shall file a detailed accounting of the outstanding costs paid, and proof that any remaining funds were transferred to the minor's account.

## CONCLUSION AND RECOMMENDATIONS

For the reasons discussed above, this Court RECOMMENDS that the Petition for Minor's Compromise be GRANTED IN PART as outlined below :

1. Defendants, Delaware North Parks and Resorts, DNC Parks & Resorts at Yosemite Inc., and Melvin Friday, have settled all of Anika Slagowski's claims for $590,000.00. This amount is fair.

2. The request for attorneys' fees in the amount of $147,500.00 and $160,267.28[9] for advanced costs should be approved. The amount for advanced costs includes $5,000.00 as a reserve for outstanding costs yet to be billed. Within **sixty (60)** days, Plaintiff's counsel shall submit an itemized accounting of all outstanding costs paid, and proof that any remaining balance was transferred into the minor's account outlined below;

3. The Court approves the distribution of funds to Strategic Recovery Partnership, Inc.,

---

[9] This amount reflects the $700.00 reduction previously described.

5

                in the amount of $61,877.85 to satisfy the outstanding lien for medical services as set forth in the Petition;

4.     The remaining balance of the settlement in the amount of $219,654.87, shall be transferred to William Terrell, in his capacity of guardian ad litem, for the benefit of Anika Slagowski under the California Uniform Transfers to Minors Act. Mr. William Terrell is appointed as the custodian of that account and the balance of the settlement amount shall be used to purchase high-grade zero coupon bonds through Morgan Stanley Smith and Barney[10] ;

5.     There shall be no access to any of the funds from this account until the minor reaches at least the age of **eighteen (18)** absent a Court order;

6.     Petitioner, William Terrell shall have **sixty (60)** days to submit proof of the funding of the above referenced account to the Court; and

7.     The Court will dismiss of all claims against all defendants listed above with prejudice. Plaintiff's counsel shall submit such dismissal within **five (5)** days after payment of the agreed settlement amount is made, *and* after the required proofs outlined above have been submitted to the Court.

These findings and recommendations are submitted to United States District Judge Anthony W. Ishii, pursuant to 28 U.S.C. § 636(b)(1)(B). Within **fifteen (15) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:    **November 5, 2012**                      **/s/ Gary S. Austin**
                                                                                      UNITED STATES MAGISTRATE JUDGE

---

[10] Mr. Terrell is employed at Morgan Stanley Smith Barney, 1177 California Street, Suite 1431, San Francisco, CA 94108.